IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL L. DIEHL,

                        ORDER

               Petitioner,

                        08-cv-742-bbc

     v.

MICKEY McCASH, Warden,
Oregon Correctional Center,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Earl L. Diehl has filed objections to the report and recommendation entered by the United States Magistrate Judge on April 7, 2009. The magistrate judge recommended denial of petitioner's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2254; petitioner contends that the magistrate judge erred in his determination that petitioner had not shown that the state appellate court unreasonably applied clearly established federal law or made any unreasonable determinations of fact when it rejected his claims of ineffective assistance of counsel.

1

BACKGROUND

Petitioner was tried in April 2004 in the Circuit Court for Jefferson County for theft by contractor.  In the course of presenting his defense (that he was holding the money in trust for the owner), he testified that he had placed $3,400 in a lock box in his home.  A prompt investigation revealed that this was not true.  Petitioner was found guilty.

After the trial, the state charged petitioner with perjury for his false statement about the lock box.  Eventually, he entered a plea of guilty to the perjury charge under an agreement in which the state agreed to dismiss a felony bail jumping charge in another case in exchange for his no contest plea.

ANALYSIS

A review of petitioner's objections to the magistrate judge's report shows that they are repetitive of the issues petitioner raised before the magistrate judge.  For example, petitioner argues that he is entitled to an evidentiary hearing in federal court as to certain claims of ineffectiveness by counsel, such as counsel's failure to challenge the trial court's jurisdiction to hear his perjury charge, counsel's failure to stop and advise petitioner of "any rights" after the alleged breach of the plea agreement and counsel's admission to his supervisor that he knew his failure to obtain exonerating evidence would be ineffective assistance.  The magistrate judge explained to petitioner that no evidentiary hearing was

2

required because petitioner had merely made conclusory allegations of ineffectiveness and had not been diligent in developing the facts underlying his allegations.

Petitioner takes issue with the magistrate judge's attribution to petitioner of the responsibility for not developing his claims of ineffectiveness. He says he did all he could to assert his claims of ineffectiveness and that, having done so, he is entitled to proceed under pre-Antiterrorism and Effective Death Penalty law. Petitioner is wrong. The magistrate judge had ample reason to hold petitioner responsible for the failure to develop his allegations. This is not a case in which petitioner's "diligent efforts to perform an act are thwarted, for example, by the conduct of another or by happenstance." Williams v. Taylor, 529 U.S. 400, 432 (2000). Petitioner has not suggested that anyone or any thing interfered with his efforts to prove his allegations. Moreover, the allegations are without merit.

Petitioner believes that jurisdiction was lacking for his perjury case because it was double jeopardy for Jefferson County to try him for statements he made in an earlier criminal case. As the magistrate judge explained, there is no substance to this belief. R&R, dkt. #7, at 11-12. As for his counsel's failure to stop and tell him of his rights after the prosecutor "breached" the plea agreement, again, the magistrate judge explained why there was no breach. Id. at 8-9. Without a breach, counsel had no reason to tell petitioner of his rights. As to the allegation that defense counsel told his supervisor that he could be found ineffective because of his failure to find exonerating evidence, by itself, this admission does

3

not establish ineffectiveness.  To make that showing, petitioner would have to identify specific errors and omissions by counsel at trial or specific evidence that counsel could have introduced but did not.  Petitioner says that the omitted evidence consisted of bank statements and an affidavit from petitioner's wife, but he does not say how this evidence would have defeated the prosecutor's showing that he lied when he told the court at his criminal trial that he had the allegedly stolen funds at home in a lockbox.

Finally, petitioner contends that it was error for counsel to tell him to admit to committing perjury.  Petitioner says that had he not made such an admission, the court would have lacked a factual basis for finding him guilty.  This is true, but it does not follow that trial counsel was ineffective.  An admission of guilt was a necessary condition to the court's acceptance of petitioner's plea of guilty.  Presumably, petitioner believed that pleading guilty was in his best interests.  (He never suggests that it was not.)  If he was unwilling to admit he had committed perjury, he should not have agreed to plead guilty but should have gone to trial.

It is unnecessary to discuss petitioner's other objections to the report because the magistrate judge addressed them in detail in his report and came to the correct conclusions.


ORDER

IT IS ORDERED that the report and recommendation of the magistrate judge is

4

ADOPTED and petitioner Earl L. Diehl's petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254 is DENIED.

Entered this 28th day of May, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

5