IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL L. DIEHL,

               Petitioner,                            ORDER

     v.                                                  08-cv-0742-slc

MICKEY MCCASH, Warden,
Oregon Correctional Center,

               Respondent.

---

Petitioner Earl Diehl has filed a notice of appeal from this court's final judgment and order entered May 28, 2009, denying his application for a writ of habeas corpus. Because he has not paid the $455 appellate filing fee, I presume that he seeks leave to proceed <u>in forma pauperis</u> on appeal.

An appeal may not be taken from the final order in a habeas corpus proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v.</u>

McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner cannot make this showing. Petitioner brings claims of ineffective assistance of counsel predicated on his trial lawyer's failure to object to alleged prosecutorial misconduct and various other errors. As explained in this court's order and the magistrate judge's report and recommendation, petitioner's claim failed because his underlying claims of prosecutorial misconduct had no merit and because he had not supported his other allegations with facts sufficient to support a claim of ineffective assistance of counsel. In those decisions, this court explained why petitioner's various theories of misconduct had no merit and why the state courts had reasonably rejected those claims without an evidentiary hearing. Having reviewed this court's decisions, I am satisfied that reasonable jurists would not disagree with the correctness of this court's determination that petitioner had no viable claim for habeas relief.

The next question is whether petitioner should be allowed to proceed in forma pauperis on appeal, which requires a finding that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that required for a certificate of appealability, I find that petitioner is unable to meet it. No reasonable person could suppose there is any merit to an appeal supported only by conclusory

allegations and self-developed theories that both the state courts and this court have determined to have no merit.

ORDER

IT IS ORDERED that:

1. Earl Diehl's motion for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered 17th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge